# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 8:21-02588-CPM |
| | § | Chapter 7 Case |
| WORK CAT FLORIDA LLC f/k/a | § | |
| WORK CAT TRANS GULF, LLC | § | |
| | § | |
| DOUGLAS N. MENCHISE, | § | |
| as Chapter 7 Trustee | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Adversary No. 8:22-ap-00117-CPM |
| | § | |
| OFFSHORE TOWING INC. | § | |
| | § | |
| Defendant | § | |
| | § | |

## ANSWER AND AFFIRMATIVE DEFENSES OF OFFSHORE TOWING

**NOW INTO COURT,** through undersigned counsel, comes Defendant Offshore Towing Inc. ("***Offshore Towing***"), and submits this Answer, Affirmative Defenses and Counterclaims to the Adversary Complaint ("***Adversary Complaint***"), filed by Douglas N. Menchise, in his capacity as Chapter 7 Trustee ("***Trustee***" or "***Plaintiff***") for the estate of Work Cat Florida, LLC f/k/a Work Cat Trans Gulf, LLC, ("***Work Cat***").

## I.  AFFIRMATIVE DEFENSES

Defendant sets for the following affirmative defenses to the Complaint:

## First Defense

The Adversary Complaint fails to state any claim against Offshore Towing upon which relief can be granted.

**<u>Second Defense</u>**

The Adversary Complaint, counts I, III and IV, should be dismissed because Work Cat Florida, LLC paid the amounts claimed, without objection, in full satisfaction of the amounts due from the Debtor to Offshore Towing. The Trustee's claims are defeated by application of the account stated rule under Louisiana law, which is the law selected by the parties under the Master Time Charter Agreement, in the absence of prevailing maritime law.

**<u>Third Defense</u>**

The Adversary Complaint, counts I and II, should be dismissed because the Trustee has failed to adequately allege, and cannot allege the requisite elements of fraud or fraudulent misrepresentation; the representations at issue concern future undertakings which do not provide a proper basis for fraud absent special circumstances which do not exist and are not even alleged by the Trustee.

**<u>Fourth Defense</u>**

The Adversary Complaint, counts I and II, should be dismissed because the Trustee has failed to allege fraud with sufficient particularity under Rule 9 of the Federal Rules of Civil Procedure, as made applicable herein by Rule 7009 of the Federal Rules of Bankruptcy Procedure, and cannot allege fraud with particularity because the requisite facts do not exist.

**<u>Fifth Defense</u>**

The Adversary Complaint, count V should be dismissed because no such claim exists against Offshore Towing; the Trustee apparently mixed up Offshore Towing with OTI Enterprise and has sued Offshore Towing for allegedly preferential transfers the Debtor made to OTI Enterprises, a completely different creditor albeit with a similar name; and Offshore Towing

reserves its right to seek damages against the Trustee for his failure to exercise reasonable due diligence as required by 11 U.S.C. 547(b).

## Sixth Defense

The Adversary Complaint, counts II, III, and IV should be dismissed because Work Cat Florida failed to mitigate its damages. Specifically, the Debtor, Work Cat, was required under the Charter Agreement to mitigate its damages by following the procedure outlined in Article IV of the Charter: "In the event of any dispute regarding any invoice, the undisputed portion of said invoice shall remain unpaid pending the resolution of the dispute." The Debtor paid the invoices without objection and thereby failed to mitigate its damages caused by the services which the Trustee now contends the Debtor did not need.  The Debtor's failure to mitigate damages may be imputed to the Trustee.

## Seventh Defense

The claims in the Adversary Complaint are barred because the Trustee did not undertake the requisite analysis nor take into account all known or reasonably knowable affirmative defenses of Defendant before filing the Complaint.

## Eighth Defense

The claims in the Adversary Complaint are barred in whole or in part because the Transfers were intended by the Debtor and the Defendant to be contemporaneous exchanges for new value given to the Debtors; and each was in fact a substantially contemporaneous exchange.

## Ninth Defense

The claims in the Complaint are barred in whole or in part because Defendant received the Transfers in payment of a debt or debts incurred by Debtor in the ordinary course of business or financial affairs of Debtor and Offshore Towing, and such Transfers were made in the

ordinary course of business or financial affairs of the Plaintiff (the debtor) and Defendant,; or such Transfers were made according to the ordinary business terms in the industry.

### Tenth Defense

The claims in the Complaint are barred in whole or in part because after each Transfer, Offshore Towing gave new value to or for the benefit of the Debtor not secured by an otherwise unavoidable security interest; and on account of which new value Debtor did not make an otherwise unavoidable transfer to or for the benefit of Offshore Towing.

### Eleventh Defense

The Trustee's claims are barred in whole or in part by setoff and/or recoupment. The claims made by the Trustee and the Charter Agreement all arise from the same transaction, and therefore, Offshore Towing may set-off the $1,118,961.45 that it is owed, against any claims made by the Trustee arising under the Charter Agreement. The Trustee has made no substantive objection to Offshore Towing's Proof of Claim in the amount of $1,118,961.45.

### Twelfth Defense

The claims asserted in the Adversary Complaint are barred insofar as they seek recovery of transfers allegedly made to Offshore Towing that were never, in fact, paid to Offshore Towing. The Adversary Complaint seeks recovery of $406,669 in alleged "assist tug" payments although Offshore Towing never in fact received any such amount. In fact, Offshore Towing only ever received a total of $270,000 in payments from Work Cat despite performing well over $1,300,000 in services for the benefit of Work Cat.

### Thirteenth Defense

Answering the specific allegations of the Adversary Complaint, LIM avers as follows:

1.    Paragraph 1 of the Adversary Complaint alleges no facts and therefore requires no

response; to the extent a response is required, it is denied.

2.     Paragraph 2 of the Adversary Complaint alleges no facts and therefore requires no response; to the extent a response is required, it is denied.

3.     Paragraph 3 of the Adversary Complaint alleges no facts and therefore requires no response.  to the extent a response is required, it is denied.

4.     Paragraph 4 of the Adversary Complaint alleges is admitted insofar as Offshore Towing is a creditor of this estate.

5.     Paragraph 5 of the Adversary Complaint is admitted.

6.     Paragraph 6 of the Adversary Complaint is admitted.

7.     Paragraph 7 of the Adversary Complaint alleges no facts and therefore requires no response. LIM consents to the entry of final orders and judgment by the Bankruptcy Court pursuant to Bankruptcy Rule 7008.

8.     The allegations contained in Paragraph 8 of the Adversary Complaint require no response by LIM; to the extent a response is required, they are denied.

9.     The allegations contained in Paragraph 9 of the Adversary Complaint are admitted.

10.    The allegations contained in Paragraph 10 of the Adversary Complaint are denied for lack of sufficient information to justify a belief therein.

11.    The allegations contained in Paragraph 11 of the Adversary Complaint are admitted; except the Trustee's standing to bring claims against Offshore Towing for transfers that Offshore Towing never received is contested.

12.    The allegations contained in Paragraph 12 of the Adversary Complaint are admitted.

13.    The allegations contained in Paragraph 13 of the Adversary Complaint are admitted insofar as the document was executed; however, the contract is the best evidence of its

contents.

14.    The allegations contained in Paragraph 14 of the Adversary Complaint are admitted.

15.    The allegations contained in Paragraph 15 of the Adversary Complaint are admitted.

16.    The allegations of Paragraph 16 of the Adversary Complaint are denied as written.

17.    The allegations of Paragraph 17 of the Adversary Complaint are denied for lack of sufficient information to justify a belief therein. Offshore was not a party to the alleged communication.

18.    The allegations of Paragraph 18 of the Adversary Complaint are denied for lack of sufficient information to justify a belief therein. Offshore was not a party to the alleged communication.

19.    The allegations of Paragraph 19 of the Adversary Complaint are denied for lack of sufficient information to justify a belief therein. Offshore was not a party to the alleged communications with others.

20.    The allegations of Paragraph 20 of the Adversary Complaint are denied for lack of sufficient information to justify a belief therein. Offshore was not a party to the alleged communications with others.

21.    The allegations of Paragraph 21 of the Adversary Complaint are denied.

22.    The allegations of Paragraph 22 of the Adversary Complaint are denied.

23.    The allegations of Paragraph 23 of the Adversary Complaint are admitted insofar as an agreement was executed, except that the agreement itself is the best evidence of its contents.

24.    The allegations of Paragraph 24 of the Adversary Complaint are admitted insofar as an agreement was executed, except that the agreement itself is the best evidence of its contents.

25.    The allegations of Paragraph 25 of the Adversary Complaint are denied.

26.     The allegations of Paragraph 26 of the Adversary Complaint are denied.

27.     The allegations of Paragraph 27 of the Adversary Complaint are denied.

28.     The allegations of Paragraph 28 of the Adversary Complaint are denied.

29.     The allegations of Paragraph 29 of the Adversary Complaint are denied.

30.     The allegations of Paragraph 30 of the Adversary Complaint are denied.

31.     The allegations of Paragraph 31 of the Adversary Complaint are denied.

32.     The allegations of Paragraph 32 of the Adversary Complaint are denied.

33.     The allegations of Paragraph 33 of the Adversary Complaint are denied.

34.     The allegations of Paragraph 34 of the Adversary Complaint are denied.

35.     The allegations of Paragraph 35 of the Adversary Complaint are denied.

36.     The allegations of Paragraph 36 of the Adversary Complaint are denied except insofar as the Debtor did send a notice of cancellation, which is the best evidence of its contents.

37.     The allegations contained in Paragraph 37 of the Adversary Complaint are denied.

38.     The allegations contained in Paragraph 38 of the Adversary Complaint are denied.

39.     Paragraph 39 of the Adversary Complaint alleges no specific facts and therefore requires no response; to the extent a response is required, it is denied.

40.     Paragraph 40 of the Adversary Complaint is admitted.

41.     Paragraph 41 of the Adversary Complaint is admitted.

42.     The allegations contained in Paragraph 42 of the Adversary Complaint are admitted.

43.     The allegations contained in Paragraph 43 of the Adversary Complaint are denied.

44.     The allegations contained in Paragraph 44 of the Adversary Complaint are denied.

45.     Paragraph 45 of the Adversary Complaint alleges no facts and therefore requires no response; to the extent a response is required, it is denied.

46.     Paragraph 46 of the Adversary Complaint is denied.

47.     The allegations of Paragraph 47 of the Adversary Complaint are denied.

48.     The allegations contained in Paragraph 48 of the Adversary Complaint are denied.

49.     The allegations contained in Paragraph 49 of the Adversary Complaint are denied.

50.     The allegations of Paragraph 50 of the Adversary Complaint are denied.

51.     The allegations of Paragraph 51 of the Adversary Complaint are denied as written.

52.     The allegations contained in Paragraph 52 of the Adversary Complaint are denied.

53.     The allegations contained in Paragraph 53 of the Adversary Complaint are denied.

54.     The allegations contained in Paragraph 54 of the Adversary Complaint are denied.

55.     The allegations contained in Paragraph 55 of the Adversary Complaint are denied.

56.     The allegations contained in Paragraph 56 of the Adversary Complaint are denied; the allegations contained in the "WHEREFORE" paragraph following Paragraph 56 of the Adversary Complaint allege no facts and therefore require no response; to the extent a response is required, they are denied.

57.     Paragraph 57 of the Adversary Complaint alleges no facts and therefore requires no response; to the extent a response is required, it is denied.

58.     Paragraph 58 of the Adversary Complaint is denied.

59.     The allegations of Paragraph 59 of the Adversary Complaint are denied.

60.     The allegations of Paragraph 60 of the Adversary Complaint are denied.

61.     The allegations of Paragraph 61 of the Adversary Complaint are denied.

62.     The allegations of Paragraph 62 of the Adversary Complaint are denied; the allegations contained in the "WHEREFORE" paragraph following Paragraph 56 of the Adversary Complaint allege no facts and therefore require no response; to the extent a response is

required, they are denied.

63.   The allegations of Paragraph 63 of the Adversary Complaint contain no facts and to the extent a response is required they are denied as written.

64.   The allegations contained in Paragraph 64 of the Adversary Complaint are denied. The Debtor was required to make payments to Offshore Towing and failed to do so.

65.   The allegations contained in Paragraph 65 of the Adversary Complaint are denied; the Charter Agreement speaks for itself and is the best evidence of its contents.

66.   The allegations contained in Paragraph 66 of the Adversary Complaint are denied.

67.   The allegations contained in Paragraph 67 of the Adversary Complaint are denied.

68.   The allegations contained in Paragraph 68 of the Adversary Complaint are denied; the allegations contained in the "WHEREFORE" paragraph following Paragraph 68 of the Adversary Complaint allege no facts and therefore require no response; to the extent a response is required, they are denied.

69.   Paragraph 69 of the Adversary Complaint alleges no facts and therefore requires no response; to the extent a response is required, it is denied.

70.   The allegations contained in Paragraph 70 of the Adversary Complaint are denied; the Charter Agreement speaks for itself and is the best evidence of its contents.

71.   The allegations contained in Paragraph 71 of the Adversary Complaint are denied; the Charter Agreement speaks for itself and is the best evidence of its contents.

72.   The allegations contained in Paragraph 72 of the Adversary Complaint are denied.

73.   The allegations contained in Paragraph 73 of the Adversary Complaint are denied; the allegations contained in the "WHEREFORE" paragraph following Paragraph 74 of the Adversary Complaint allege no facts and therefore require no response; to the extent a

response is required, they are denied.

74.     Paragraph 74 of the Adversary Complaint alleges no facts and therefore requires no

response; to the extent a response is required, it is denied.

75.     The allegations contained in Paragraph 75 of the Adversary Complaint are denied.

76.     Paragraph 76 of the Adversary Complaint is denied; no such payments were made to or

received by Offshore Towing.

77.     Paragraph 77 of the Adversary Complaint is denied.

78.      Paragraph 78 of the Adversary Complaint is denied.

79.     Paragraph 79 of the Adversary Complaint is denied.

80.     Paragraph 80 of the Adversary Complaint is denied.

81.     Paragraph 81 of the Adversary Complaint is denied.

82.     Paragraph 82 of the Adversary Complaint is denied.

83.     Paragraph 83 of the Adversary Complaint is denied.

84.     Paragraph 84 of the Adversary Complaint is denied.

85.     Paragraph 85 of the Adversary Complaint is denied; the allegations contained in the

"WHEREFORE" paragraph following Paragraph 83 of the Adversary Complaint allege no

facts and therefore require no response; to the extent a response is required, they are denied.

86.     Paragraph 86 of the Adversary Complaint alleges no facts and therefore requires no

response; to the extent a response is required, it is denied.

87.     Paragraph 87 of the Adversary Complaint is denied in its entirety.

88.     The allegations of Paragraph 88 of the Adversary Complaint are denied.

89.     The allegations of Paragraph 89 of the Adversary Complaint are denied.

90.     The allegations of Paragraph 90 of the Adversary Complaint are denied.

91.     The allegations of Paragraph 91 of the Adversary Complaint are denied.

92.     The allegations of Paragraph 92 of the Adversary Complaint are denied.

93.     The allegations of Paragraph 93 of the Adversary Complaint are denied; the allegations contained in the "WHEREFORE" paragraph following Paragraph 93 of the Adversary Complaint allege no facts and therefore require no response; to the extent a response is required, they are denied.

94.     The allegations of Paragraph 94 of the Adversary Complaint are denied.

95.     The allegations of Paragraph 95 of the Adversary Complaint are denied.

96.     The allegations of Paragraph 96 of the Adversary Complaint are denied.

97.     The allegations of Paragraph 97 of the Adversary Complaint are denied; the allegations contained in the "WHEREFORE" paragraph following Paragraph 93 of the Adversary Complaint allege no facts and therefore require no response; to the extent a response is required, they are denied.

98.     The allegations of Paragraph 98 of the Adversary Complaint are denied.

99.     The allegations of Paragraph 99 of the Adversary Complaint are denied.

100.   The allegations of Paragraph 100 of the Adversary Complaint are denied.

101.   The allegations of Paragraph 101 of the Adversary Complaint are denied.

102.   The allegations of Paragraph 102 of the Adversary Complaint are denied.

103.   The allegations of Paragraph 103 of the Adversary Complaint are denied.

104.   The allegations of Paragraph 104 of the Adversary Complaint are denied; the allegations contained in the "WHEREFORE" paragraph following Paragraph 104 of the Adversary Complaint allege no facts and therefore require no response; to the extent a response is required, they are denied.

**WHEREFORE,** Offshore Towing prays that after due proceedings, that its Answer be deemed sufficient and there be judgment in Offshore Towing's favor dismissing all claims of the Trustee, and for all other appropriate legal and equitable relief, including an award of attorneys' fees against the Trustee.

Respectfully submitted:

LUGENBUHL, WHEATON,
PECK, RANKIN & HUBBARD

*/s/ Joseph P. Briggett*

JOSEPH P. BRIGGETT (*Pro hac vice pending*)
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
E-mail: jbriggett@lawla.com

MATTHEW F. POPP (FL # 565946)
MATTHEW, COE, COUSINS & IRONS, L.L.P.
650 Poydras Street, Suite 2105
New Orleans, LA 70130
Telephone: (504) 526-4350
Facsimile: (504) 526-4310
E-mail: mpopp@thompsoncoe.com
***Attorneys for Defendant,***
***Offshore Towing, Inc.***

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served upon the parties that receive electronic notice via the Court's CM/ECF system on this 18TH day of October, 2022.

/s/ *Joseph P. Briggett*
Joseph P. Briggett